**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-4097**

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

      v.

JAMES MARSHALL MCLEAN, JR.,

            Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  James A. Beaty, Jr., Senior District Judge.  (1:15-cr-00188-JAB-1)

Submitted:  February 10, 2017        Decided:  February 28, 2017

Before NIEMEYER, KEENAN, and DIAZ, Circuit Judges.

Dismissed by unpublished per curiam opinion.

John Carlyle Sherrill, III, SHERRILL & CAMERON, PLLC, Salisbury, North Carolina, for Appellant.   JoAnna Gibson McFadden, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

James Marshall McLean, Jr., seeks to appeal his conviction and sentence after pleading guilty. McLean's attorney first filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), concluding there were no meritorious grounds for appeal but raising sentencing issues. McLean was notified of his right to file a pro se supplemental brief but has not done so. We previously ordered the parties to file supplemental briefs addressing an additional sentencing issue, and McLean's attorney has done so. The Government now moves to dismiss the appeal, contending these sentencing issues are barred by McLean's waiver of the right to appeal included in the plea agreement. McLean's attorney has filed a response in opposition to the motion.

"Plea bargains rest on contractual principles, and each party should receive the benefit of its bargain." United States v. Blick, 408 F.3d 162, 173 (4th Cir. 2005) (internal quotation marks and citation omitted). "A defendant may waive the right to appeal his conviction and sentence so long as the waiver is knowing and voluntary." United States v. Copeland, 707 F.3d 522, 528 (4th Cir. 2013) (internal quotation marks and citation omitted). "We review the validity of an appeal waiver de novo, and will enforce the waiver if it is valid and the issue appealed is within the scope of the waiver." Id. (internal quotation marks and citations omitted).

Upon review of the plea agreement and the transcript of the Fed. R. Crim. P. 11 hearing, we conclude that McLean knowingly and voluntarily waived his right to appeal his conviction and sentence, and his sentencing claims are within the scope of the waiver. Moreover, in accordance with Anders, we have reviewed the record for any potentially meritorious issues that might fall outside the scope of the waiver and have found none.

Accordingly, we grant the Government's motion to dismiss the appeal. This court requires that counsel inform his or her client, in writing, of his or her right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED